**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
————————————————————

SAMUEL RODRIGUEZ-MENDOZA,

     Petitioner,

v.

LORETTA E. LYNCH, United States
Attorney General,

     Respondent.

No. 15-9558
(Petition for Review)

————————————————————

**ORDER AND JUDGMENT**[*]
————————————————————

Before **MATHESON**, **McKAY**, and **O'BRIEN**, Circuit Judges.
————————————————————

Samuel Rodriquez-Mendoza, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) that affirmed the immigration judge's (IJ) decision denying his application for cancellation of removal. We dismiss the petition for lack of jurisdiction.

Petitioner unlawfully entered the United States in 1999 and was served with a notice to appear in 2009. He sought relief under 8 U.S.C. § 1229b(b)(1), which

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

permits the Attorney General to cancel removal of an inadmissible or deportable alien who

> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of [his] application;
>
> (B) has been . . . of good moral character during such period;
>
> (C) has not been convicted of [a specified] offense . . . ; and
>
> (D) establishes that removal would result in exceptional and extremely unusual hardship to [his qualifying relatives].

The IJ determined petitioner met the requirements of subparagraph (C), but failed to meet subsections (A), (B), and (D). And even if petitioner had established the physical presence and good moral character required by subsections (A) and (B), the IJ found he failed to prove his removal would result in exceptional and extremely unusual hardship to his qualifying relatives under subsection (D).

At the time of the merits hearing in May 2014, petitioner's qualifying relatives for purposes of considering the hardship factor were his United States born children, ages 13, 11, and 5. He testified they had no health problems and were doing fine in school. Petitioner worked in Montana, and he came home once a month to visit his family in Utah. His wife worked full time, and had recently become involved with another man by whom she was pregnant. Petitioner said if he were removed to Mexico, he would take his children with him. He testified he still had family living in Mexico.

Petitioner testified there were fewer educational opportunities in Mexico, he would not be able to find work, and there is "a lot crime where I am from." Admin.

2

R. at 117.  The IJ, while "not unsympathetic to the hardship [petitioner's] children would face in Mexico," concluded that "the hardship . . . is not significantly different in type of severity which would ordinarily be expected upon the removal of a close family member."  *Id*. at 78 (citing *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56 (BIA 2001)).

Petitioner appealed to the BIA, which held the IJ had correctly concluded he had not established exceptional or extremely unusual hardship.  The BIA determined it did not need to address the residency or good moral character requirements, because petitioner would not be eligible for cancellation of removal in light of his failure to prove the required hardship.

This court lacks jurisdiction to review "any judgment regarding the granting of relief under section . . . 1229b."  8 U.S.C. § 1252(a)(2)(B)(i).  To avoid this proscription on our jurisdiction, petitioner argues the IJ failed to apply the proper legal standards and consider all the relevant evidence in deciding he did not meet the residency requirement and was not of good moral character.  But the BIA's decision turned on petitioner's failure to prove the required hardship—not residency or good moral character, and that is the ground we review.  *See Sarr v. Gonzales*, 474 F.3d 783, 790 (10th Cir. 2007) ("A reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency.") (brackets and internal quotation marks omitted)).  And as to the BIA's decision regarding undue

3

hardship, petitioner does not argue it was anything other than an exercise of discretion by the Attorney General, which we lack jurisdiction to review.

We dismiss the petition for lack of jurisdiction.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

4